IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONSTANCE CLARK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-CV-1967-SMY |
| | ) |
| **FIDELITY COMMERCIAL LLP,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

# ORDER

**YANDLE, District Judge:**

Plaintiff Constance Clark filed suit on October 16, 2018, alleging that she was not compensated for overtime hours worked as a housekeeper for Defendant Fidelity Commercial LLP, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The parties agreed to settle the case with Defendant agreeing to pay $4,500.00 ($1,600 to Plaintiff and $2,900.00 to her attorney in legal fees) in exchange for Plaintiff's agreement to waive and release all claims she may have (Doc. 35-1). On July 23, 2020, the undersigned approved the settlement agreement, incorporated the same in the Court's Order, and dismissed the case with prejudice (Doc. 35). Judgment was entered that same day (Doc. 36). Now pending before the Court is Plaintiff's Motion to Reopen Case and Enforce the Settlement Agreement (Doc. 37). Defendant has not responded.[1]

By incorporating the terms of the Settlement Agreement in the July 23, 2020 Order, the undersigned retained ancillary jurisdiction to enforce the terms of the agreement. *Kokkenen v.*

---

[1] The Court construes Defendant's failure to respond as an admission of the merits of the motion pursuant to Local Rule 7.1(c).

*Guardian Life Ins. Co. of America*. 511 U.S. 375, 380-1 (1994). The settlement agreement provides that it will be governed by Kentucky law. *See Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020) (an agreement's choice of law clause is honored "unless to do so would be contrary to public policy."). Pursuant to Kentucky law, settlement agreements are enforceable if the parties agreed to all material terms. *RE/MAX Intern. Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-6 (6th Cir. 2001). Here, there is no dispute as to the material terms of the agreement. As such, it can be summarily enforced. The only question before the Court is whether Defendant fulfilled its end of the bargain; it has not.

Accordingly, Plaintiff's Motion is **GRANTED**. Defendant is **ORDERED** to pay the sum of $2,900.00 to Plaintiff's counsel on or before June 30, 2021. **Failure to do so by the deadline shall result in sanctions, including, but not limited to contempt of court proceedings.** Plaintiff shall file a Notice with the Court once payment has been received or on the deadline, whichever occurs first.

**IT IS SO ORDERED.**

**DATED: June 16, 2021**

**STACI M. YANDLE**
**United States District Judge**